UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-79-KAC-JEM |
| | ) | |
| MICHAEL ALEXANDER MAHONE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned on the United States Probation Office's Petition for Summons on Conditions of Pretrial Release [Doc. 78] and the Government's Motion to Revoke Bond [Doc. 81]. *See* 28 U.S.C. § 636(b).

## I. BACKGROUND

The Indictment charges Defendant with conspiring to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A); conspiring to distribute four hundred grams or more of a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A); aiding and abetting the possession with the intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2; aiding and abetting the possession with the intent to distribute four hundred grams or more of a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2; and aiding and abetting the possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 [Doc. 13].

Defendant appeared for arraignment on an Indictment on July 24, 2024 [Doc. 15]. The Government moved that he be detained pending trial [*Id.*]. Defendant waived and reserved the

right to a detention hearing [Doc. 19]; the Court ordered that he be detained [Doc. 22]. Defendant subsequently asked the Court to release him on certain conditions [Doc. 24]. On September 5, 2024, following a hearing, the Court ordered Defendant released on conditions, including that Defendant not violate federal, state, or local law, nor use alcohol excessively and report any change of residence to a pretrial services officer [Doc. 30]. The conditions placed Defendant into the custody of his sister, Jasmine Mahone, and his then-fiancé, Shanae Neely, and restricted him to his residence except for approved activities [*Id.*].

Following the issuance of an arrest warrant on November 20, 2024 [Doc. 34], Defendant was arrested in Michigan and had an initial appearance in the Eastern District of Michigan [Doc. 35]. Following a hearing under Rule 40 of the Federal Rules of Criminal Procedure on November 25, 2025, Magistrate Judge Anthony P. Patti ordered that Defendant's bond be suspended pending a hearing in the Eastern District of Tennessee [*Id.*].

Defendant appeared in the Eastern District of Tennessee on December 17, 2024 [Doc. 38], where the Government orally moved for revocation of Defendant's release on conditions and detention, and Defendant requested a hearing [*Id.*]. On December 19, 2024, the Government filed a Motion to Revoke Bond and asked the Court to place Defendant in custody, arguing he violated Michigan state law and the conditions of release by spending the night at a motel, drinking a pint of alcohol, and assaulting Ms. Neely [Doc. 41].

The parties appeared before the undersigned on January 24, 2025, for a revocation hearing [Doc. 49]. Following the hearing, the undersigned issued an Order finding that there was doubt about whether Defendant committed a violation of Michigan state law and that the Court was not convinced by clear and convincing evidence that Defendant violated his conditions of release [Doc. 54 pp. 10, 12]. The Court did not deviate from its previous finding that Defendant presents

a danger to the safety of any other person and the community, but did find there were conditions available to mitigate the danger presented by Defendant's release [*Id.* at 12]. Specifically, the Court removed Ms. Neely as a third-party custodian and imposed the following new conditions: that Defendant have no contact with Ms. Neely, refrain from all alcohol use, be placed on GPS location monitoring, and participate in a mental health assessment [*Id.* at 13]. At that time, the Court did not find that Defendant was unlikely to abide by his conditions of release [*Id.*].

On June 20, 2025, Defendant filed an Unopposed Motion to Make Temporary Modifications to Pretrial Release Conditions and requested permission to modify the pretrial release condition of no contact with Ms. Neely [Doc. 71]. The Court granted the temporary modification [Doc. 72]. Then, on July 8, 2025, Defendant moved to modify his conditions of release [Doc. 74]. In support, Defendant asserted he remained in compliance with the conditions set by the Court as amended five months prior, which included testing negative for all substances, making arrangements to continue his education, and actively attending mental health treatment weekly [*Id.* at 1]. In order to pursue gainful employment, Defendant requested that the Court modify his conditions to remove the condition of home detention and impose a curfew with a continued condition of GPS location monitoring [*Id.* at 2]. The Court held a hearing on the matter on July 11, 2025 [Doc. 76]. The Court removed the condition of home detention and imposed the condition of curfew from 5:00 p.m. to 7:00 a.m. every day [Doc. 77].

On September 25, 2025, the United States Probation Office ("USPO") filed a Petition for Summons on Conditions of Pretrial Release [Doc. 78]. In the petition, the USPO noted that the Court had previously approved a permanent modification of Defendant's curfew, extending it from 5:00 p.m. to 7:00 p.m. on July 21, 2025 [*Id.* at 2]. On July 22, 2025, Defendant notified his supervising officer of contact with law enforcement, specifically that he had received a

3

misdemeanor citation for A Person Shall Not Engage in a Game of Chance that is Prohibited by State Law [*Id.*]. For the two-month period that followed the modification of Defendant's pretrial release conditions from home detention to curfew, the USPO alleged that Defendant violated his curfew on twenty separate occasions [*Id.* at 3–4].

The Government filed a motion to revoke Defendant's bond on October 7, 2025, arguing that Defendant had violated multiple conditions of his bond, including his failure to comply with the Court-ordered curfew on at least twenty occasions and his misdemeanor citation on July 22, 2025 [Doc. 81]. Defendant filed a response in opposition on October 14, 2025, asserting that the citation had been dismissed and that while noncompliance in this case was serious, Defendant did not present a risk to the community [Doc. 82 p. 4]. Defendant further argued he would still abide by the conditions of his release, as he had remained in good contact with his supervising officer despite issues related to curfew and worked to comply with all other conditions imposed by the Court in this matter [*Id.*].

The parties appeared before the undersigned on October 15, 2025, for a revocation hearing. Assistant United States Attorney ("AUSA") Caroline Poore appeared on behalf of the Government. Attorney Ashlee B. Mathis appeared on behalf of Defendant, who was also present.

At the hearing, the Government argued that Defendant's continued violations of his curfew, often without justification and proof, showed he was unlikely to comply with any conditions of release set by the Court. Furthermore, the Government asserted that even though the misdemeanor charge was dismissed, it did not negate there was probable cause to issue the citation.

In response, Defendant contended that while there were violations of curfew, Defendant had remained in constant and good contact with his supervising officer. Additionally, Defendant argued that he was compliant when the Court released him on the condition of home-detention

4

Case 3:24-cr-00079-KAC-JEM    Document 84    Filed 10/17/25    Page 4 of 7    PageID #: 491

from February to July and that he only started having issues once the Court allowed him to transition to curfew. Defendant contended the Court should consider his compliance with his conditions of release when determining if he was going to abide if released, and he asked the Court to release him on the previously successful condition of home-release.

The Government replied that Defendant had ample time to correct his behavior in the two-month period of violations and that there were ways to provide proof of the excuses he gave for his violations, which he failed to do. The Government further argued that if the Court allows release with home-detention, it should be with GPS monitoring. The Government also noted, however, that in cases involving drug trafficking, drug dealers often operate from homes and that GPS monitoring would not reasonably mitigate safety concerns in that regard.

In response, Defendant contended that the Court had already decided the issue of safety, and that the Court's analysis should focus on the context of the violation.

The Government concluded by maintaining that Defendant would still have a curfew even with the conditions of home-detention and GPS monitoring, as he would be allowed to leave to attend classes, mental-health counseling, and work, and his supervising officer would require him to be back at his residence by a specified time.

### III. ANALYSIS

"A person who has been released under [18 U.S.C. §] 3142 . . . and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). The Government bears the burden of proof, which differs depending on the nature of the alleged violation. *Compare* 18 U.S.C. § 3148(b)(1)(A) (providing probable cause standard), *with* 18 U.S.C. § 3148 (b)(1)(B) (providing clear and convincing evidence standard). *See also United States v. Jones*, No. 6:09-16,

5

Case 3:24-cr-00079-KAC-JEM    Document 84    Filed 10/17/25    Page 5 of 7    PageID #: 492

2009 WL 13606, at *2 (E.D. Ky. May 12, 2009) (explaining the standards). After a hearing, the Court shall revoke the defendant's release upon finding (1) either probable cause to believe that the defendant committed another crime while on release or clear and convincing evidence that the defendant has violated any other condition of release and (2) either that "there is no condition or combination of conditions of release that will assure the person will not flee or pose a danger to the safety of any other person or the community" or that "the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b).

Beginning with the first inquiry, the Court must decide whether there is clear and convincing evidence that Defendant "violated any other condition of release." 18 U.S.C. § 3148(b)(1)(B). Defendant conceded that there is clear and convincing evidence that he violated the terms of his curfew on at least twenty separate occasions in a two-month period.

Turning to the second inquiry, the Court finds by a preponderance that Defendant is unlikely to abide by any condition or combination of conditions of release. *See United States v. Smith*, No. 23-20489, 2024 WL 3237136, at *1 (E.D. Mich. June 26, 2024) ("The Court must also find by a preponderance of the evidence . . . 'that the person is unlikely to abide by any condition or combination of conditions of release.'" (quoting 18 U.S.C. § 3148(b)(2))). Defendant has violated his curfew on not one, but twenty separate occasions in a two-month period. He also continued to violate his curfew after his supervising officer instructed him to arrive home by his curfew and to provide proof of the reasons for being late so that his curfew violations could be justified.

Defendant argued that he has been in compliance with all other conditions and that he was compliant with all conditions when he was on home detention. His counsel therefore suggested that he be released with that condition along with GPS monitoring. While the Court commends

6

Defendant for that prior compliance, at this time, the Court does not find that he is likely to abide by the proposed conditions of release considering his recent conduct and his failure to adhere to his supervising officer's instructions. As argued by the Government, if placed back on home detention, Defendant would be allowed to leave his residence for employment, education, and counseling, and Defendant would need to return to his residence at the times designated by his supervising officer. Defendant has clearly demonstrated that he cannot do so.

Therefore, the Government's Motion to Revoke Bond is **GRANTED** [Doc. 81]. Defendant shall be detained pending trial.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge